UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BRICKLAYERS' LOCAL NO. 1 OF MISSOURI APPRENTICESHIP AND TRAINING TRUST, et al., | ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) Case No. 4:05CV01107 AGF ) |
| DONALD WADE KING, | ) ) |
| Defendant. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court[1] on Plaintiff's motion to reopen the case to enforce the parties' settlement agreement. On August 14, 2006, Plaintiffs filed a motion to dismiss with prejudice this case for the collection of delinquent contributions owed by Defendant to an ERISA-governed employee benefit plan. Plaintiffs asserted that "pursuant to the terms of the parties' settlement agreement, the parties have agreed to the dismissal of this matter with prejudice, each side to pay its own costs and attorneys' fees." By a "Docket Text Order" dated August 17, 2006, the Court summarily granted Plaintiff's motion and the case was closed. Plaintiffs now seek to reopen the case to enforce the parties' settlement agreement. Plaintiffs assert that Defendant failed to make a payment in the amount of approximately $7,000 due on November 30, 2006.

---

[1] The parties have consented to the exercise of authority by the undersigned United States Magistrate Judge under 28 U.S.C. § 636(c).

"Federal courts are courts of limited jurisdiction." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). The Supreme Court held in Kokkonen that district courts do not have inherent power to enforce a settlement agreement entered into by parties in federal court. Id. at 380-81. Because an action to enforce a settlement agreement is a claim for breach of contract, it should be heard in state court unless it has "its own basis for jurisdiction." Id. at 378. While the Supreme Court found no basis for jurisdiction in the case before it, where the district court's order did not even mention the settlement agreement, the Court explained that if the parties' obligation to comply with the terms of the settlement agreement had been made part of the order of dismissal -- either by separate provision (such as a provision "retaining jurisdiction" over the settlement agreement) or by incorporating the terms of the settlement agreement in the order -- a breach of the agreement would be a violation of the order, and ancillary jurisdiction to enforce the agreement would therefore exist. Id. at 381. The Supreme Court further explained that "[a] judge's mere awareness and approval of the terms of the settlement agreement do not suffice to make them part of his order." Id.

Here, the motion to dismiss the case did not ask the Court to retain jurisdiction and did not mention the terms of the settlement agreement, other than the agreement to dismiss the case with prejudice; nor, therefore, did the docket text order, which summarily granted the motion to dismiss.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' motion to reopen the case to enforce the parties' settlement agreement is **DENIED**. [Doc. #25]

_____
AUDREY G. FLEISSIG
UNITED STATES MAGISTRATE JUDGE

Dated this 30th day of January, 2007